DANIEL W. LAYTON (SBN 240763)
DWL Tax Law
17702 Irvine Blvd., Ste. 200
Tustin, CA 92780
Telephone: (949) 301-9829
Fax: (949) 264-8645
Email: dwl@taxattorneyoc.com
Attorney for Plaintiff Peter Yoon

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER YOON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES; DEMAND FOR JURY TRIAL** |

Plaintiff Peter Yoon, by and through his undersigned counsel, hereby complains and alleges as follows:

## I.   GENERAL ALLEGATIONS

1. This is an action for refund and abatement of taxes erroneously and illegally assessed and collected against Plaintiff Peter Yoon (hereinafter "Plaintiff" or "Peter") under 26 U.S.C. § 6672, the "Trust Fund Recovery Penalty," for the periods ending 12/31/2016, 6/30/2017, 9/30/2017, 12/31/2017, 3/31/2018, 6/30/2018, 9/30/2018, 12/31/2018, and 3/31/2019 ("the subject periods"), which arise from unpaid employment tax trust fund liabilities of Fresno Owl, Inc. ("Fresno Owl").

1

2. Prior the IRS's receipt of his claims for refund and prior to filing this suit, Plaintiff remitted payments in satisfaction of the divisible amounts required to pursue refund claims and request abatement of the balance of the assessments for each of the subject periods. See Steele v. United States, 280 F.2d 89 (8th Cir. 1960); Boynton v. United States, 566 F.2d 50 (9th Cir. 1977).

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

4. Plaintiff resides in Los Angeles County, California.

5. The defendant is the United States of America.

6. Venue in this judicial district and division is proper under 28 U.S.C. § 1402(a)(1) as plaintiff resides within the bounds of the judicial district and division.

## II.   FACTUAL ALLEGATIONS

7. Fresno Owl was a franchisee for a Hooters restaurant in Fresno, California, that had several shareholders. Peter was one of many passive shareholders who took no active role in managing the company but were listed as officers by David Chang ("David"). David was the only non-passive owner of Fresno Owl and he managed all operational, financial, and tax matters for Fresno Owl. Although there were various individuals listed as officers in corporate filings, David Chang was the de facto CEO and President of Fresno Owl.

8. Peter's name appears on certain paperwork early in the Fresno Owl endeavor, but Peter was not kept informed of Fresno Owl's operational, financial, or tax issues. Although the position was nominal and Peter had no duties associated with being a corporate officer, Peter's title in Fresno Owl was Secretary. Records from the Secretary of State listed Peter as Secretary.

9. Peter did not have signature authority for all of Fresno Owl's bank accounts. Peter did not have online access to any of Fresno Owl's accounts and did not hold the checks. Rather, David Chang alone had this type of control and access.

10. Peter never had the authority to make payments on Fresno Owl's behalf

2

without being directed by David Chang (or, as Secretary, without being directed by the President/CEO).

11. David Chang handled all substantive and compliance aspects of the company and did not report such information to Peter.

12. Fresno Owl ceased operations no later than on April 16, 2019, when it was evicted by the landlord. Near that time, David Chang left Fresno Owl insolvent and without funds in its accounts to pay creditors. Fresno Owl was suspended by the California Secretary of State on October 1, 2020.

13. Peter was completely unaware that Fresno Owl owed unpaid federal employment taxes until at some point after Fresno Owl ceased operations and was left insolvent and lacked funds to pay the outstanding federal employment tax liabilities.

14. Peter lacked management authority over the finances and operations of Fresno Owl.

15. Peter was never asked to review and never reviewed Fresno Owl's federal employment tax filings during any relevant time.

16. Peter did not sign and was not authorized to sign tax filings for Fresno Owl.

17. Peter never saw any correspondence from the IRS regarding Fresno Owl's unpaid employment tax liabilities and was not advised of such liabilities until after Fresno Owl ceased operations and was left insolvent and lacked funds to pay the outstanding federal employment tax liabilities.

18. Peter took no actions to knowingly direct Fresno Owl's funds towards non-government liabilities after he became aware of Fresno Owl's unpaid employment taxes.

19. The IRS did not conduct an interview of Peter prior to making its Trust Fund Recovery Penalty assessment determinations for the subject periods.

20. The investigating Revenue Officer, located near Fresno, attempted but failed to obtain the assistance of a Revenue Officer near Peter's residence to conduct the interview.

21. Peter was unaware that the IRS was seeking to interview him with respect

to Fresno Owl during the IRS investigation stage.

22. Fresno Owl had multiple bank accounts during the subject periods.

23. The IRS obtained bank records for only one of Fresno Owl's multiple bank accounts prior to making its Trust Fund Recovery Penalty assessment determinations for the subject periods.

24. The IRS did not obtain copies of all relevant bank records for Fresno Owl prior to making its Trust Fund Recovery Penalty assessment determinations for the subject periods. The additional bank records the IRS failed to obtain at the investigation stage show a litany of checks written to vendors by David Chang but not from Peter.

25. The IRS assessed the Trust Fund Recovery Penalties against Peter related to Fresno Owl for the subject periods on July 29, 2020 in the following amounts:

    a. $9,332.27 for 12/31/2016
    b. $3,507.19 for 6/30/2017
    c. $4,122.40 for 9/30/2017
    d. $9,504.97 for 12/31/2017
    e. $6,142.97 for 3/31/2018
    f. $6,168.02 for 6/30/2018
    g. $7,318.37 for 9/30/2018
    h. $19,751.20 for 12/31/2018
    i. $11,661.17 for 3/31/2019

26. Plaintiff duly submitted Form 843 claims for refund requesting refund of paid amounts and requesting abatement of the remaining balances. The original Form 843 claims were received by the IRS on March 18, 2022, at which time payment of $1,000 had been made to the IRS designated for application of $100 to each of the subject periods for divisible amounts of the Trust Fund Recovery Penalties. Amended or revised Forms 843 for the 12/31/2016, 6/30/2017, 9/30/2017, and 12/31/2017 periods were submitted on or about March 29 or March 30, 2022. Payments have also been made since March 18, 2022, and prior to filing suit in amounts meeting or exceeding the divisible portion attributable to a single employee for each of the subject periods for Fresno Owl.

27. The IRS issued formal disallowances of the refund claims for the Trust

Fund Recovery Penalties for the subject periods on February 16, 2023. Copies of the IRS formal disallowance letters are attached hereto and marked as **Exhibit A**.

28. Peter submitted a timely protest and request for review by the IRS's Independent Office of Appeals. Despite being advised that the matter would be forwarded to the Office of Appeals, an Appeals Officer was not assigned to this matter and did not contact Plaintiff prior to expiration of the time to file the instant action.

29. Plaintiff has paid amounts for each period to satisfy the divisible amount necessary to cover one employee's relevant withholdings for each of the subject periods.

### III. CAUSES OF ACTION

**A. First Cause of Action: Abatement and Refund of Illegally and Erroneously Assessed and Collected Under 26 U.S.C. § 6672 for the Trust Fund Recovery Penalty period ending 12/31/2016.**

30. The above-stated allegations are hereby incorporated in full by reference.

31. The Trust Fund Recovery Penalty assessments for the subject periods are improper, illegal, and erroneous because Plaintiff was not a responsible person and did not act willfully as required to impose the penalty under 26 U.S.C. § 6672.

32. The assessment for the period ending 12/31/2016 is also invalid because it was made after the expiration of the 3-year statute of limitations period for assessment of the Trust Fund Recovery Penalty, which expired on April 15, 2020. See 26 U.S.C. § 6501(a) and (b)(2).

33. Defendant's actions in making and collecting upon the assessments are improper, illegal, and erroneous. Plaintiff is entitled to refund of all amounts paid and erroneously collected upon the Trust Fund Recovery Penalty assessments arising from Fresno Owl for the subject periods, plus accruals provided by law, including but not limited to:

    a. $501.37 for 12/31/2016
    b. $1,200.00 for 6/30/2017
    c. $200.00 for 9/30/2017
    d. $216.10 for 12/31/2017

  e. $138.42 for 3/31/2018
  f. $596.92 for 6/30/2018
  g. $189.04 for 9/30/2018
  h. $621.88 for 12/31/2018
  i. $306.04 for 3/31/2019 (The IRS's transcript of account fails to reflect $100 of this amount which was submitted to the IRS on or about 3/9/2022. The IRS's internal notes in its ICS History, obtained in a FOIA request response, show the amount was paid and was to be applied to the Trust Fund Recovery Period Ending 3/31/2019. Copies of relevant pages of the ICS History showing this payment are attached hereto and marked as **Exhibit B**.)

34. Plaintiff is entitled to an order finding that the Trust Fund Recovery Penalty assessments arising from Fresno Owl for the subject periods are erroneous and illegal and must be abated in full, including any interest, accruals, additions, and penalties thereon.

  **B. Second Cause of Action: Abatement and Refund of Illegally and Erroneously Assessed and Collected Under 26 U.S.C. § 6672 for the Trust Fund Recovery Penalty period ending 6/30/2017.**

35. Paragraphs 1 through 31 and paragraphs 33 and 34, above, are incorporated here by reference as though restated in full.

  **C. Third Cause of Action: Abatement and Refund of Illegally and Erroneously Assessed and Collected Under 26 U.S.C. § 6672 for the Trust Fund Recovery Penalty period ending 9/30/2017.**

36. Paragraphs 1 through 31 and paragraphs 33 and 34, above, are incorporated here by reference as though restated in full.

  **D. Fourth Cause of Action: Abatement and Refund of Illegally and Erroneously Assessed and Collected Under 26 U.S.C. § 6672 for the Trust Fund Recovery Penalty period ending 12/31/2017.**

37. Paragraphs 1 through 31 and paragraphs 33 and 34, above, are incorporated here by reference as though restated in full.

**E. Fifth Cause of Action: Abatement and Refund of Illegally and Erroneously Assessed and Collected Under 26 U.S.C. § 6672 for the Trust Fund Recovery Penalty period ending 3/31/2018.**

38. Paragraphs 1 through 31 and paragraphs 33 and 34, above, are incorporated here by reference as though restated in full.

**F. Sixth Cause of Action: Abatement and Refund of Illegally and Erroneously Assessed and Collected Under 26 U.S.C. § 6672 for the Trust Fund Recovery Penalty period ending 6/30/2018.**

39. Paragraphs 1 through 31 and paragraphs 33 and 34, above, are incorporated here by reference as though restated in full.

**G. Seventh Cause of Action: Abatement and Refund of Illegally and Erroneously Assessed and Collected Under 26 U.S.C. § 6672 for the Trust Fund Recovery Penalty period ending 9/30/2018.**

40. Paragraphs 1 through 31 and paragraphs 33 and 34, above, are incorporated here by reference as though restated in full.

**H. Eighth Cause of Action: Abatement and Refund of Illegally and Erroneously Assessed and Collected Under 26 U.S.C. § 6672 for the Trust Fund Recovery Penalty period ending 12/31/2018.**

41. Paragraphs 1 through 31 and paragraphs 33 and 34, above, are incorporated here by reference as though restated in full.

**I. Ninth Cause of Action: Abatement and Refund of Illegally and Erroneously Assessed and Collected Under 26 U.S.C. § 6672 for the Trust Fund Recovery Penalty period ending 3/31/2019.**

42. Paragraphs 1 through 31 and paragraphs 33 and 34, above, are incorporated here by reference as though restated in full.

**IV.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Peter Yoon, prays that judgment be entered in his favor as follows:

A. That all amounts paid and erroneously collected upon the Trust Fund Recovery Penalty assessments arising from Fresno Owl for the subject periods, plus accruals provided by law, be refunded to Plaintiff, including but not limited to:

    a. $501.37 for 12/31/2016
    b. $1,200.00 for 6/30/2017
    c. $200.00 for 9/30/2017
    d. $216.10 for 12/31/2017
    e. $138.42 for 3/31/2018
    f. $596.92 for 6/30/2018
    g. $189.04 for 9/30/2018
    h. $621.88 for 12/31/2018
    i. $306.04 for 3/31/2019

B. Finding that the Trust Fund Recovery Penalty assessments arising from Fresno Owl for the subject periods are erroneous and illegal and must be abated in full, including any interest, accruals, additions, and penalties thereon.

C. That Plaintiff Peter Yoon be awarded costs of suit, including without limitation reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 and/or 26 U.S.C. § 7430 and any other applicable laws and rules; and

D. For such other and further relief as the Court deems just and proper.

Dated:  February 15, 2025

                                          Respectfully submitted,

                                          /s/ *Daniel W. Layton*
                                          DANIEL W. LAYTON
                                          Attorney for Plaintiff Peter Yoon